## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW PORTER,** | : |
| | : |
| **Plaintiff,** | : |
| **v.** | : **3:15-CV-759** |
| | : **(JUDGE MARIANI)** |
| **SAFECO INSURANCE COMPANY** | : |
| **OF ILLINOIS,** | : |
| | : |
| **Defendant.** | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is Magistrate Judge Carlson's Report and

Recommendation ("R&R"), (Doc. 38), on Defendant's Motion for Summary Judgment, (Doc.

28). The underlying lawsuit concerns an insurance dispute brought by the insured Plaintiff,

Andrew Porter, against the insurer Defendant, Safeco Insurance Company of Illinois.

Plaintiff's Complaint brings a cause of action for breach of contract as it pertains to an

insurance claim he filed with Defendant and a cause of action alleging Defendant acted in

bad faith in addressing Plaintiff's insurance claim. The underlying insurance claim, in turn,

involves a fire at 133 ½ Morris Avenue and the adjoining property at 135 Morris Avenue,

both of which are owned by Plaintiff. In short, Plaintiff claims that his insurance policy with

Defendant covered both 133 ½ and 135 Morris Avenue, and Defendant argues that the

insurance policy, on its face, only insures 135 Morris Avenue.

Defendant moved for summary judgment with respect to Plaintiff's breach of contract claim as it pertains to 133 ½ Morris Avenue and Plaintiff's bad faith claim.[1] In an R&R on the Motion, Magistrate Judge Carlson recommended granting Defendant's Motion in full. Plaintiff has objected to this recommendation and this Court writes separately to address Plaintiff's objections. For the reasons that follow, the Court will adopt the R&R and grant Defendant's Partial Motion for Summary Judgment.

## II. UNDISPUTED FACTS

The R&R comprehensively lays out the facts of this case. The Court, however, will address some particular facts that Plaintiff has admitted—either directly or by failing to "include references to the parts of the record that support" his statement denying a material fact as required by Local Rule 56.1—that have made summary judgment appropriate in this case. Specifically, Plaintiff admitted the following facts found in Defendant's Statement of Material Facts:

> 6. Safeco issued a homeowners insurance policy to Andrew Porter, policy number OK5883430, for the annual period beginning March 26, 2014 for the property located at 135 Morris Avenue, Scranton, Pennsylvania . . . .
>
> . . .
>
> 42. The insurance application lists only 135 Morris Avenue and not 133 ½ Morris Avenue. The application was signed by plaintiff on March 26, 2013. . . .
>
> . . .

---

[1] Defendant has not sought summary judgment on Plaintiff's breach of contract claim as it pertains to the insurance policy's coverage of 135 Morris Avenue.

46. Berry obtained a copy of the Deed, dated March 15, 2013, which transferred the properties located at 133 ½ Morris Avenue and 135 Morris Avenue, from plaintiff's father, George Porter, to plaintiff for the amount of $1.00. The properties were listed as separate parcels, each with their own parcel identification number. . . .

47. Lackawanna County Assessor's Office identifies 133 ½ Morris and 135 Morris as separate, single dwelling parcels of land. . . .

. . .

57. On December 10, 2014, Maureen McLaughlin ("McLauglin") of Connor-Helring Associates, Inc., wrote to Berry advising that the agency did write and issue a separate insurance policy for 133 ½ Morris Avenue for plaintiff, but it was not with Safeco. . . .[2]

. . .

97. There are three adjoining row-houses with 130 Morris Avenue, 133 ½ Morris Avenue, and 135 Morris Avenue in that order looking at the properties from the perspective of the sidewalk. . . .

98. Approximately five years after purchasing 135 Morris Avenue, George Porter purchased 133 ½ Morris Avenue. . . .

99. Since he owned the properties, George Porter maintained two separate insurance policies covering 133 ½ Morris Avenue and 135 Morris Avenue separately. . . .

. . .

102. When George Porter transferred the properties to plaintiff in March 2013, he took plaintiff to insurance agency, Connor-Helring Associates, Inc. and

---

[2] Plaintiff admits in part and denies in part this statement stating that "[t]o the contrary, the other insurance policy in question was obtained by the property's previous owner." (Doc. 36 at ¶ 57). Plaintiff, however, has failed to cite to any fact in the record to support his statement. Thus, the Court has deemed this fact admitted. See Local Rule 56.1 ("Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").

paid a full year of premiums to two separate insurance policies, covering 135 Morris Avenue and 133 ½ Morris Avenue respectively. . .

. . .

104. On March 26, 2013, Plaintiff submitted an insurance application to Safeco for the property located at 135 Morris Avenue only. . . .

. . .

111. The insurance application was signed by plaintiff on March 26, 2013. . . .

112. On the same date, March 26, 2013, plaintiff completed and signed an application dwelling insurance for 133 ½ Morris Avenue through Connor-Helring Associates, Inc. with Foremost Insurance Company. . .[3]

113. The Foremost application clearly identifies 133 ½ Morris Avenue as the property for which he was seeking coverage.[4]

(Doc. 29).

### III. OBJECTIONS

Plaintiff objects to the R&R's conclusion that the insurance policy in question

covered 135 Morris Avenue and not 133 ½ Morris Avenue.[5] To address this objection, the

Court begins with an evaluation of whether Defendant has met its initial burden on summary

judgment, which, in turn, defines Plaintiff's burden. This is because the party moving for

---

[3] Plaintiff admits in part and denies in part this statement but fails to cite to any fact in the record to support his denial. (Doc. 36 at ¶ 112). As such, the Court has deemed this fact admitted. *See* Local Rule 56.1.

[4] Plaintiff wrote "Denied as stated. Again, the Plaintiff did not consider the property as separate units." (Doc. 36 at ¶ 113). Plaintiff, however, fails to cite to any fact in the record to support his denial that the Foremost application does not identify 133 ½ Morris Avenue as the property for which he was seeking coverage. As such, the Court has deemed this fact admitted. *See* Local Rule 56.1.

[5] Plaintiff also objects that the R&R "mistakenly limited Plaintiff's bad faith claim to the issue of which property was insured." (Doc. 42 at 6). This is simply not so. The R&R addressed Plaintiff's bad faith claim in full, including the housing coverage issue. (Doc. 38 at 16-18).

summary judgment bears the burden of showing the absence of a genuine issue as to any

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265

(1986). Once such a showing has been made, the non-moving party must offer specific

facts contradicting those averred by the movant to establish a genuine issue of material fact.

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990).

Here, the undisputed facts show that 133 ½ Morris Avenue and 135 Morris Avenue

are separate parcels with separate addresses. (Doc. 29 at ¶¶ 46, 47, 97-99). "On March

26, 2013, Plaintiff submitted an insurance application to Safeco for the property located at

135 Morris Avenue only." (*Id*. at ¶ 104). "The insurance application lists only 135 Morris

Avenue and not 133 ½ Morris Avenue." (*Id*. at ¶ 42). At the same time, "[P]laintiff

completed and signed an application dwelling insurance for 133 ½ Morris Avenue through

Connor-Helring Associates, Inc. with Foremost Insurance Company." (*Id*. at ¶ 112). "The

Foremost application clearly identifies 133 ½ Morris Avenue as the property for which he

was seeking coverage." (*Id*. at ¶ 113).

Thus, it is undisputed that 135 Morris Avenue and 133 ½ Morris Avenue are

separate parcels, that Plaintiff sought and obtained different insurance policies for each

parcel, and that Plaintiff's application for insurance to Defendant was only for the 135 Morris

Avenue parcel. Further, as Defendant has correctly argued, the policy, on its face, identifies

that it insures 135 Morris Avenue. (Doc. 29-2 at 24). Nowhere on the policy does it list 133

½ as an insured location. Thus, Defendant met its initial burden of showing the absence of

5

any genuine dispute of material fact. Thus, the burden of production now shifts to Plaintiff "to rebut the motion *with facts in the record*." *Berckeley Inv. Grp. Ltd. V. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (emphasis added). In doing so, Plaintiff cannot "rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Id.* If Plaintiff "fail[s] to make a sufficient showing on an essential element of [his] case," summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

Plaintiff fails to do so. Plaintiff does not point to a single fact in the record to show that a genuine dispute of material fact exists. Instead, Plaintiff makes factual averments, without citations to the record, that Plaintiff considered both parcels to be 135 Morris Avenue and that the utilities for both properties come as one bill. Even if true, however, Plaintiff has not shown how these facts would affect the interpretation of the insurance policy given that Plaintiff has admitted that 135 and 133 ½ are separate parcels with separate addresses. Further, when Plaintiff does cite to the record in his brief, he cites to his Complaint. It is fundamental, however, that the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Stripped of these unsupported arguments, Plaintiff's objections raise one final argument that the Court will address. Plaintiff argues that the policy is ambiguous because it lists the "insured location" as "same" and does not provide any legal description of the

6

property.  The insurance policy in question lists the "NAMED INSURED AND MAILING

ADDRESS" as

ANDREW PORTER
135 MORRIS AVE
SCRANTON PA 18504-2409

(Doc. 29-2 at 24).  Directly below, the policy lists the "INSURED LOCATION" as "Same."
(*Id.*).

In Pennsylvania, the question of whether an insurance policy is ambiguous is a

question of law.  *See Seasor v. Liberty Mut. Ins. Co.*, 941 F. Supp. 488, 491 (E.D. Pa. 1996)

("Determining whether the terms of a policy are ambiguous is a question of law for the

Court."); *12th St. Gym., Inc. v. Gen. Star. Indem. Co.*, 93 F.3d 1158, 1165 (3d Cir. 1996).

The Court finds no ambiguity.  It is clear on the face of the policy that "same" refers to the

mailing address directly above it, which is 135 Morris Avenue.

In sum, Plaintiff has raised no objections of merit because, on the undisputed facts of

this case, the insurance policy in question did not cover 133 ½ Morris Avenue.  Although

Plaintiff states that this fact is disputed, a mere contention is insufficient to survive summary

judgment.  Instead, once Defendant had met its initial burden, Plaintiff was obligated to point

to facts in the record which show a genuine dispute of material fact.  In this case, Plaintiff

has not done so.

7

## IV. CONCLUSION

For the reasons stated above, the Court will adopt Magistrate Judge Carlson's

Report and Recommendation in full.  A separate Order follows.

Robert D. Mariani
United States District Judge